IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-60422
Summary Calendar

_____

ALLAN STEWART LIPSCHITZ,

Plaintiff-Appellant,

versus

JOE PRICE, Sheriff, Sheriff of Harrison
County, Mississippi; HARRISON COUNTY;
MIKE FAYARD; FIDELITY AND DEPOSIT COMPANY
OF MARYLAND,

Defendants-Appellees.

_____

Appeal from the United States District Court for
the Southern District of Mississippi
_____

July 30, 1998

Before REAVLEY, DAVIS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Allan Stewart Lipschitz brought a 42 U.S.C. § 1983 suit
alleging claims of cruel and unusual punishment, denial of due
process, exposure to risk with deliberate indifference, as well as
state law negligence against appellees Harrison County, Mississippi
(the County); Harrison County, Mississippi, Sheriff Joe Price and

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Deputy Sheriff Mike Fayard. Lipschitz claimed that while incarcerated in the Harrison County Jail, he was required to climb to a point thirty feet above the floor to perform work, and that while performing the work he fell and was seriously injured.

The district court dismissed the claims against Price and Fayard finding that Lipschitz knowingly and voluntarily waived any § 1983 claim including his right to hold appellees liable for any injuries he received while participating in the work program. The court dismissed the claims against the County as "the claims against the Sheriff, whose edicts or acts may fairly be said to represent official policy for which the County may be held responsible under Section 1983 are thus also waived by the plaintiff." Lipschitz complains on appeal that the district court erred in granting summary judgment to appellees. We affirm the summary judgment but for different reasons than those articulated by the district court.

Harrison County Sheriff's Department has a work program in which selected inmates may serve as trustees thereby receiving more freedom, as well as other benefits not otherwise enjoyed by the general inmate population. Lipschitz executed an Inmate Request form seeking "to work in maintenance or any position available." Lipschitz was granted trusty status pursuant to this request. In order to begin his work as a trustee, Lipschitz was required to sign a one-page "Absolute Release" which provides that:

In consideration of the opportunity to participate in the program and the sentence reduction earned thereby, I do hereby remise, release, forever discharge and covenant to hold harmless the Harrison County, Sheriff's Department, the Harrison County Board of Supervisors, and Sheriff Joe Price, their representatives . . . from any and all actions, causes of action, claims, demands, damages, costs, expenses, loss of services, loss of consortium, loss of companionship, injuries, property claims, death claims, wrongful death claims, medical payments, and compensation of every kind, type, and character whatsoever, on account of or as a result of or in any way arising out of any . . . accidents, or injuries which may be sustained by me as a result of or during the course of my participation in the work outlined above.

We review a grant of summary judgment *de novo* applying the same standard as the district court. Summary judgment is proper when, viewing the facts in the light most favorable to the non-movant, no genuine issues of material fact exist that would necessitate a trial.[1] Appellees argue that the district court's grant of summary judgment should be affirmed on three grounds: (1) Lipschitz voluntarily and knowingly signed the release and waiver agreeing to hold harmless appellees for any injuries sustained while participating in the work program; (2) Lipschitz failed to show that appellees subjected Lipschitz to cruel and unusual punishment; (3) Price and Fayard are entitled to qualified immunity from Lipschitz's state tort claims; and (4) the County is entitled to sovereign immunity.

*Voluntary and Knowing Release.*

---

[1]*Lemelle v. Universal Mfg. Corp.*, 18 F.3d 1268, 1272 (5th Cir. 1994).

Under Mississippi law, whether or not Lipschitz's release was knowingly and voluntarily executed is a question of fact, not law.[2] Issues of good faith, voluntariness, and duress are questions properly submitted to a jury.[3] We believe that Lipschitz, in his deposition, raised an issue of his voluntary execution of the release and decline to affirm the judgment on that ground.

Appellees contend, and the district court held, that Lipschitz voluntarily and knowingly signed the absolute release thereby waiving his rights to pursue legal claims for violations of federal and state law. Initially, the district court determined that the record lacked testimony regarding whether Lipschitz voluntarily and knowingly entered into the release. The court also initially found insufficient the evidence concerning what procedures and circumstances surrounded Lipschitz's obtaining and signing the release.

Appellees offered into evidence the affidavit and testimony of Bruce Carver in response to the court's findings. In his affidavit, Carver stated that Lipschitz requested to participate in the work program two days after he was sentenced and that Lipschitz signed and submitted the Inmate Request Form. Carver claimed that he advised Lipschitz that "if he was accepted as a Trusty, and was allowed to participate in this program, that he would have to read

---

[2]*Smith v. Sneed*, 638 So.2d 1252, 1259 (Miss. 1994); *City of Meridian v. Godwin*, 185 So.2d 433, 438 (Miss. 1966).

[3]*Smith*, 638 So.2d at 1261.

4

and sign a Release form, agreeing that in the event that he should be injured in the course of his duties as a Trusty, that he would have no claim or lawsuit. . . ." Carver did not actually witness Lipschitz sign the release, but maintained certainty that Lipschitz understood the nature of the release.

Lipschitz disputes the appellees and district court. He contends that although he briefly read the release, he obtained and signed it in a manner that left him little room for negotiation or consultation. He was given the release to sign as he walked out the door to his new assignment. He suggests that he did not truly understand the significance of signing the release. In his deposition, Lipschitz testified that "they shoved this little piece of paper in front of me and told me to sign it if I wanted to be a trusty, so I signed it," and that he understood that in return for signing the release he was getting "freedom."

In *Smith v. Sneed*, Smith filed suit against the defense attorney who represented him in a criminal prosection, in which Smith pled guilty to manslaughter. Smith alleged that the attorney was negligent in failing to obtain an autopsy report that showed that the alleged victim died of natural causes. Upon confirmation of the autopsy report, Smith was ordered to be released from prison but first was required to sign an absolute release of liability. The trial court determined that Smith had no cause of action because he had "freely and voluntarily" signed the release

5

relieving his attorney of any liability. The Mississippi Supreme Court reversed, holding that whether or not Smith freely and voluntarily executed the release was an issue appropriate for a jury. Smith did not dispute that he signed the release, but his deposition left open the possibility that the release was not given voluntarily.

Similarly, Lipschitz's deposition leaves open the same possibility. A reasonable jury could conclude that Lipschitz did not knowingly and voluntarily sign the release. Mississippi law will not allow enforcement of a release if any element of "unconscionable advantage is connected with the transaction. And in passing on the validity of such release, when assailed, all surrounding conditions should be fully developed, and the relative attitudes of the contracting parties clearly shown. So that the jury, in the clear light of the whole truth, may rightly decide which story bears the impress of verity."[4]

*Section 1983 Claims*

Summary judgment is proper on Lipschitz's § 1983 claim. He alleged that the conditions surrounding his work requirement constituted cruel and unusual punishment in violation of the Eighth Amendment and the deprived him of his due process rights under the Fourteenth Amendment.

---

[4]638 So.2d at 1261-62.

The Supreme Court has held that in order for the conduct of which Lipschitz bases his complaint to be cruel and unusual, it "must involve more than ordinary lack of due care for the prisoner's interest or safety. . . .   It is *obduracy and wantonness, not inadvertence or error in good faith*, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause . . . ."[5]  Lipschitz failed to submit proof that Fayard and Price acted with deliberate indifference.[6]  Fayard and Price may have been negligent in not providing more precise instructions as to the specifics of Lipschitz's work assignment, but the record does not present an issue that they acted wantonly as required to establish a violation of the Eighth Amendment.

In addition, it is well established that "the Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property."[7]  The Supreme Court has asserted that the lack of due care suggests no more than a failure to measure up to the conduct of a reasonable person, but to hold that an injury caused by such conduct is a deprivation within the meaning of the Fourteenth

---

[5]*Wilson v. Seiter*, 501 U.S. 294, 299 (1991)(emphasis in original).

[6]*Id.* at 303-304.

[7]*Daniel v. Williams*, 474 U.S. 327, 328 (1986).

7

Amendment trivializes the principle of due process law.[8] Lipschitz's § 1983 claim based on cruel and unusual punishment and deprivation of due process rights must fail.

Lipschitz also claimed that Price established a policy and/or custom wherein deputies were encouraged or required to make inmates perform work, and that Price knew of the nature of the work but failed to provide adequate safety procedures for the inmates performing the work at the jail. Under § 1983, a supervisory official such as Price cannot be held vicariously liable for his subordinates' actions unless (1) the supervisor affirmatively participated in acts that caused constitutional deprivations or (2) the supervisor created unconstitutional policies that causally resulted in Plaintiff's injury.[9] The record does not show that Price affirmatively participated in the work program as it relates to Lipschitz. Further, any negligence with a causal nexus to Lipschitz's accident was in the execution of the particular work assignment, not in the creation of the work program itself.

*State Tort Claims*

Mississippi law provides appellees immunity from Lipschitz's state tort claims. Section 11-46-9 of the Mississippi Code exempts governmental entities and their employees from liability on claims based on specified circumstances including injury arising out of

---

[8]*Id.* at 332.

[9]*Thibodeaux v. Arceneaux*, 768 F.2d 737, 739 (5th Cir. 1985).

8

any work performed by convicted persons;[10] claims arising from an inmate of any jail;[11] or claims "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a governmental entity or employee thereof, whether or not the discretion be abused."[12] The work program affording selected inmates the opportunity to be a trusty is a purely discretionary program. The operations of the program is dependent upon the officer's judgment and discretion. Because Fayard and Price were acting within their discretionary powers, they are entitled to immunity from the state tort claims.

Finally, sovereign immunity serves as an absolute bar to a tort cause of action of negligence against a political subdivision of Mississippi if the claim arose prior to October 1, 1993.[13] Lipschitz's accident occurred on December 31, 1991. The County is immune from suit. The district court's grant of summary judgment is

AFFIRMED.

---

[10]11-46-9(1)(n).

[11]11-46-9(1)(m).

[12]11-46-9(1)(d).

[13]11-46-5.